In the Matter of the Estate of JAMES JONES, Deceased.

Surrogate's Court, Albany County, January 11, 1934.

*Del B. Salmon,* for the petitioner.

*Richmond D. Moot,* for the respondents.

Rogan, S.   This is a proceeding to compel the executors of the estate of deceased to pay the funeral expenses of Frank G. Jones, the son of decedent.   In determining the validity of the claim a construction of paragraph " ninth " of decedent's will is made necessary.   The paragraph reads as follows:

" *Ninth.* At the death of my son Frank G. Jones, I direct my Executors to assume and pay all his necessary and reasonable funeral expenses, or to pay to his estate a sum equal thereto in case such expenses are otherwise paid."

Frank G. Jones died in the city of Utica, N. Y.  His widow, who lived at Boonville, N. Y., engaged the petitioner, Frank W. Whiter, a funeral director, to look after the remains.   He testified that after ascertaining that no other undertaker had been engaged, he drove from Boonville to Utica, obtained the body and returned to Boonville where the body was embalmed and where he conducted the funeral, and placed the remains in a vault in the cemetery at Boonville; that subsequently the body was removed from the vault and interred in the family plot of the widow at Potsdam, N. Y. The petitioner has rendered a bill for services, materials and disbursements furnished by him for such funeral in the sum of $396.

The respondents contend that the petitioner must first exhaust his remedy against the estate of Frank G. Jones for the collection of the funeral expenses, and that in no event is the estate of the decedent liable for more than $200, and that the charge of $396 is unfair and unreasonable.   I do not feel that there is any merit to either contention.   In the first place, the will of James Jones specifically directs the executors " to assume and pay all necessary and reasonable funeral expenses " of the son, Frank G. Jones. There is no direction that the executors should contract with an undertaker for such purpose.   He left it for others to do that. He even went so far as to provide that in the event of Frank G. Jones leaving an estate and the funeral expenses were paid therefrom, his executors should pay to his (Frank's) estate " a sum equal thereto."

Here we have a case where the funeral expenses remain unpaid, and, as far as appears, Frank G. Jones left no estate whatever. There is no one else to whom petitioner can look for payment, and it would be neither just or equitable to compel him to bring an action against either the widow of Frank G. Jones or his estate, if there should be one, and then come here to reach the funds of

this estate in case he was unsuccessful in collecting from either of them. The intent of James Jones is clearly expressed and it should be carried out.

As I hold that the estate of James Jones is charged with the payment of the " necessary and reasonable funeral expenses " of Frank G. Jones, it becomes necessary to decide whether the amount charged was a necessary and reasonable charge. Respondents swore no witnesses nor presented any testimony of any kind. They only infer that such charge is unfair and unreasonable without offering any proof to substantiate such inference. In view of the fact that there has been nothing whatever shown to warrant this court in holding that the amount charged is unfair and unreasonable, I hold that the executors should pay to the petitioner the full amount charged, viz., $396.

Enter decree accordingly.